COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NOS. 2-04-022-CR
          
2-04-023-CR
          
2-04-024-CR
          
2-04-025-CR
          
2-04-026-CR
          
2-04-027-CR
  
   
FLORENCIO 
OVIEDO                                                              APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Florencio Oviedo entered an open plea of guilty to six charges of aggravated 
robbery with a deadly weapon.  The cases were consolidated, and the trial 
court found Oviedo guilty in each of the six cases, sentencing him to 
twenty-five years’ confinement for each offense.[2]  
We will affirm.
        Oviedo’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no reversible grounds on appeal and referencing any 
grounds that might arguably support the appeal.  See Mays v. State, 
904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Oviedo entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of his plea, error that is 
not independent of the judgment of guilt, and error occurring after entry of the 
guilty plea.  See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. 
App. 2003) (citing Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 
2000)); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).
        Notwithstanding 
the above, Oviedo’s counsel presents three arguable grounds on appeal, which 
he concludes are not meritorious: the trial court abused its discretion by 
failing to admonish Oviedo so as to insure the voluntariness of his plea of 
guilty; Oviedo was denied the effective assistance of counsel at his trial; and 
Oviedo’s sentence is excessive.  Consequently, all three grounds proposed 
for possible error coincide with our own independent review of the record for 
potential error.  Therefore, we examine Oviedo’s potential grounds of 
error in the context of our own independent review of the record.[3]
Admonishments 
and Voluntariness of Plea
        In 
his first arguable ground, Oviedo’s counsel contends that Oviedo could argue 
that the trial court erred and abused its discretion by failing to admonish 
Oviedo, thus failing to ensure the voluntariness of his guilty plea.  
Article 26.13 of the Texas Code of Criminal Procedure provides that prior to 
accepting a plea of guilty, the trial court shall admonish the defendant of, 
among other things, the range of punishment attached to the offense.  See 
Tex. Code Crim. Proc. Ann. art. 
26.13 (Vernon 1989 & Supp. 2004-05).  Substantial compliance with 
article 26.13 by the trial court establishes a prima facie case that the plea 
was valid.  Id. § 26.13(c) (Vernon 1989); Lemmons v. State, 
133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref’d).
        Here, 
the record demonstrates that the trial court admonished Oviedo both orally and 
in writing.  With regard to the former, the trial court informed Oviedo at 
the plea hearing that he was charged with the offenses of aggravated robbery 
with a deadly weapon and asked him whether he understood the charges.  
Oviedo responded affirmatively.  The trial court further questioned whether 
Oviedo understood that each offense was a first-degree felony and that the 
available punishment range for each offense was between five and ninety-nine 
years or life in prison.  Oviedo responded that he understood. Oviedo 
further signed written plea admonishments that outlined and discussed the range 
of punishment available for each offense and the consequences resulting from 
entering pleas of guilty.
        The 
oral and written plea admonishments also indicate that Oviedo’s pleas were 
made freely and voluntarily.  When asked by the trial court whether he was 
pleading guilty because he was in fact guilty, Oviedo responded, “Yes, because 
I am guilty.”  Therefore, we agree with Oviedo’s counsel that his first 
arguable ground is not meritorious.  Moreover, nothing in the record would 
support a claim that Oviedo’s pleas were involuntary or that he was 
incompetent at the time of the plea hearing.

Ineffective Assistance of Counsel
and Error Not 
Independent Of The Judgment of Guilt
        In 
his second arguable ground, Oviedo’s counsel claims that Oviedo could argue 
that he was denied the effective assistance of counsel at his trial.  
Counsel is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional judgment.  
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 
(1984).  Here, the record does not support Oviedo’s counsel’s second 
arguable ground that Oviedo was denied effective assistance of counsel because 
there is no evidence that trial counsel’s performance was deficient.  Id. 
at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. 
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. 
App. 1999).  Furthermore, there are no errors that are not independent of 
the judgment of guilt, or Young-type errors, upon which the judgment of 
guilt is predicated.  See Young, 8 S.W.3d at 666-67.

Arguably Excessive Sentences
and Error 
Occurring After Entry of Guilty Plea
        In 
his third arguable ground, Oviedo’s counsel proposes that Oviedo’s sentence 
is excessive.  Aggravated robbery with a deadly weapon is a first degree 
felony.  See Tex. Penal Code 
Ann. § 29.03(b) (Vernon 2003).  “An individual adjudged guilty of 
a felony of the first degree shall be punished by imprisonment in the 
institutional division for life or for any term of not more than 99 years or 
less than 5 years.” Id. § 12.32(a).  Here, the trial court 
sentenced Oviedo to twenty-five years’ confinement for each aggravated robbery 
offense.  The sentences fall within the statutorily proscribed range of 
punishment for aggravated robbery.  See id.  Moreover, the 
trial court ordered that the multiple sentences be served concurrently.  
Accordingly, the sentences imposed by the trial court are not excessive, and we 
find no error occurring after the entry of Oviedo’s guilty plea.
Jurisdictional 
Defects
        Our 
review of the record reveals no jurisdictional defects. Criminal District Court 
Three in Tarrant County had jurisdiction over these six consolidated felony 
cases.  See Tex. Code Crim. 
Proc. Ann. art. 4.05 (Vernon Supp. 2004-05).  The indictment 
conferred jurisdiction on the trial court and provided Oviedo with sufficient 
notice to prepare a defense.  See Tex. Const. art. V § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Conclusion
        We 
agree with appellate counsel that the three arguable grounds he raised are not 
meritorious.  Based upon our independent review of this record, we likewise 
have determined that there is no error on which an appeal could be based or 
which would require reversal of this case.  Therefore, we grant appellate 
counsel’s motion to withdraw and affirm the trial court’s judgments.
   
  
                                                                            
PER CURIAM
 
  
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
January 13, 2005

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Oviedo’s sentences are to be served concurrently.
3.  
Oviedo did not file a pro se brief.