Oviedo v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-022-CR

2-04-023-CR

2-04-024-CR

2-04-025-CR

2-04-026-CR

2-04-027-CR

FLORENCIO OVIEDO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Florencio Oviedo entered an open plea of guilty to six charges of aggravated robbery with a deadly weapon.  The cases were consolidated, and the trial court found Oviedo guilty in each of the six cases, sentencing him to twenty-five years’ confinement for each offense.
(footnote: 2) 
 We will affirm.

Oviedo’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.). 

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Oviedo entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003) (citing 
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)); 
Jack v. State
, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  

Notwithstanding the above, Oviedo’s counsel presents three arguable grounds on appeal, which he concludes are not meritorious: the trial court abused its discretion by failing to admonish Oviedo so as to insure the voluntariness of his plea of guilty; Oviedo was denied the effective assistance of counsel at his trial; and Oviedo’s sentence is excessive.  Consequently, all three grounds proposed for possible error coincide with our own independent review of the record for potential error.  Therefore, we examine Oviedo’s potential grounds of error in the context of our own independent review of the record.
(footnote: 3)
Admonishments and Voluntariness of Plea

In his first arguable ground, Oviedo’s counsel contends that Oviedo could argue that the trial court erred and abused its discretion by failing to admonish Oviedo, thus failing to ensure the voluntariness of his guilty plea.  Article 26.13 of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty, the trial court shall admonish the defendant of, among other things, the range of punishment attached to the offense.  
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13 (Vernon 1989 & Supp. 2004-05).  Substantial compliance with article 26.13 by the trial court establishes a prima facie case that the plea was valid.  
Id
. § 26.13(c) (Vernon 1989); 
Lemmons v. State
, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref’d).

Here, the record demonstrates that the trial court admonished Oviedo both orally and in writing.  With regard to the former, the trial court informed Oviedo at the plea hearing that he was charged with the offenses of aggravated robbery with a deadly weapon and asked him whether he understood the charges.  Oviedo responded affirmatively.  The trial court further questioned whether Oviedo understood that each offense was a first-degree felony and that the available punishment range for each offense was between five and ninety-nine years or life in prison.  Oviedo responded that he understood. Oviedo further signed written plea admonishments that outlined and discussed the range of punishment available for each offense and the consequences resulting from entering pleas of guilty. 

The oral and written plea admonishments also indicate that Oviedo’s pleas were made freely and voluntarily.  When asked by the trial court whether he was pleading guilty because he was in fact guilty, Oviedo responded, “Yes, because I am guilty.”  Therefore, we agree with Oviedo’s counsel that his first arguable ground is not meritorious.  Moreover, nothing in the record would support a claim that Oviedo’s pleas were involuntary or that he was incompetent at the time of the plea hearing.

Ineffective Assistance of Counsel 

and Error Not Independent Of The Judgment of Guilt

In his second arguable ground, Oviedo’s counsel claims that Oviedo could argue that he was denied the effective assistance of counsel at his trial. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  
Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  Here, the record does not support Oviedo’s counsel’s second arguable ground that Oviedo was denied effective assistance of counsel because there is no evidence that trial counsel’s performance was deficient.  
Id
. at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  Furthermore, there are no errors that are not independent of the judgment of guilt, or 
Young
-type
 
errors, upon which the judgment of guilt is predicated.  
See Young
, 8 S.W.3d at 666-67.

Arguably Excessive Sentences 

and Error Occurring After Entry of Guilty Plea

In his third arguable ground, Oviedo’s counsel proposes that Oviedo’s sentence is excessive.  Aggravated robbery with a deadly weapon is a first degree felony. 
See 
Tex. Penal Code Ann.
 § 29.03(b) (Vernon 2003).  “An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years.”  
Id
. § 12.32(a).  Here, the trial court sentenced Oviedo to twenty-five years’ confinement for each aggravated robbery offense.  The sentences fall within the statutorily proscribed range of punishment for aggravated robbery.  
See id
.  Moreover, the trial court ordered that the multiple sentences be served concurrently.  Accordingly, the sentences imposed by the trial court are not excessive, and we find no error occurring after the entry of Oviedo’s guilty plea.

Jurisdictional Defects

Our review of the record reveals no jurisdictional defects.  Criminal District Court Three in Tarrant County had jurisdiction over these six consolidated felony cases.  
See 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  The indictment conferred jurisdiction on the trial court and provided Oviedo with sufficient notice to prepare a defense.  
See 
Tex. Const.
 art. V § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Conclusion

We agree with appellate counsel that the three arguable grounds he raised are not meritorious.  Based upon our independent review of this record, we likewise have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 13, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Oviedo’s sentences are to be served concurrently.

3:
Oviedo did not file a pro se brief.