WEST V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-189-CR

PAUL WILEY WEST APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Paul Wiley West appeals his conviction for possession of a controlled substance, cocaine, of less than one gram.  In his sole point, appellant argues that the trial court erred by denying his motion to suppress illegally obtained evidence.  We affirm. 

Background Facts

On September 11, 2005, Officer Chris Brashear saw a 2003 Subaru parked in front of a known narcotics location on Talton Avenue in Tarrant County.  While driving by the house, Officer Brashear saw one of three individuals who had been sitting in lawn chairs in front of the house approach the Subaru.  Believing that a drug transaction had just occurred, Officer Brashear turned his patrol car around and began to follow the Subaru as it pulled away from the house.  Officer Brashear testified that he then stopped the Subaru after appellant, who was driving, failed to signal his turn at least 100 feet before an intersection.  While approaching the vehicle, Office Brashear noticed appellant reaching into the center console area of the car.  Consequently, Officer Brashear asked appellant to step out of the Subaru.  He then observed two rock-like substances that appeared to be crack cocaine on the floorboard of the vehicle.  At a pretrial  hearing, the trial judge denied appellant’s motion to suppress after determining that Officer Brashear had reasonable suspicion to stop appellant, subsequently observed a controlled substance in plain view, and therefore had probable cause to arrest appellant without a warrant.

A jury found appellant guilty of the offense of possession of a controlled substance, cocaine, of less than one gram.  The trial judge sentenced appellant to one year’s confinement in the State Jail Division of the Texas Department of Criminal Justice.

Analysis

In his sole point, appellant argues that the trial court erred in denying his  motion to suppress evidence of the crack cocaine.  Specifically, he contends that the stop was illegal because Officer Brashear lacked reasonable suspicion to believe that appellant had committed a traffic offense.

Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort  Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the record is silent on the reasons for the trial court’s ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, as is the case here, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.  
Id
. at 819.  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.  
Id
.

In determining whether a trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
See Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519
 U.S. 1043 (1996).  
But this general rule is inapplicable when the parties consensually relitigate the suppression issue during trial on the merits.  
Id
.  If the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant is deemed to have elected to re-open the evidence, and we may consider the relevant trial testimony in our review.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law.  
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005)
.  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id
. at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id
.  at 492.

Discussion

Appellant argues that the record does not support the trial court’s finding that he committed a traffic offense.  Appellant contends that discrepancies between Officer Brashear’s testimony and his written report are sufficient to question his credibility.
(footnote: 2)
 Officer Brashear testified at the pretrial hearing that appellant failed to use his signal 100 feet prior to turning from Belzise Street onto Glen Garden.  Failure to continuously signal 100 feet before a turn constitutes a traffic offense.  
See
 
Tex. Transp. Code Ann.
 § 545.104(b) (Vernon 1999); 
Castro v. State, 
227 S.W.3d 737,
 
739 n.1 (Tex. Crim. App. 2007)
. 
 
A law enforcement officer may validly stop and detain a person for a traffic violation.
(footnote: 3) 
 Lemmons v. State, 
133 S.W.3d 751, 755-56 (Tex. App.—Fort Worth 2004, pet. ref’d).  
Under the applicable standard of review, we defer to the trial court’s assessment of Officer Brashear’s and appellant’s credibility.  
See Ross, 
32 S.W.3d at 855; 
Ballard, 
987 S.W.2d at 891.  Viewing the evidence in the light most favorable to the trial court’s ruling, then, we infer that the trial court believed Officer Brashear’s testimony.
(footnote: 4) 
 See Kelly,
 204 S.W.3d at 819.
 Accordingly, giving deference to the trial court’s implied finding that Officer Brashear saw appellant commit the traffic violation of failure to signal 100 feet before a turn, we conclude and hold that the trial court did not err by determining that the officer had reasonable suspicion to stop appellant and that the stop was valid. 
 

Regardless, once a police officer makes a bona fide stop or arrest for a traffic offense, he can then make an arrest, or an additional arrest, for any other offense unexpectedly discovered while investigating or questioning a motorist.  
See Lemmons, 
133 S.W.3d at 756; 
Hernandez v. State, 
867 S.W.2d 900, 907 (Tex. App.—Texarkana 1993, no pet.).  Incident to the latter action, he may also conduct a search.  
See Lemmons, 
133 S.W.3d at 756; 
Little v. State, 
853 S.W.2d 179, 184 (Tex. App.—Corpus Christi 1993, no pet.).

Here, Officer Brashear, having validly stopped and detained appellant for the offense of failing to signal a turn, was authorized to further investigate any other offense for which he developed reasonable suspicion. 
See
 
Tex. Transp. Code Ann
. §§ 545.104(b), 545.106; 
Davis v. State, 
947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997); 
Lemmons, 
133 S.W.3d at 757.
  
Officer Brashear’s observation of appellant’s furtive movements as he was approaching the car and of the cocaine-like substances in plain view in the car during the stop were sufficient to constitute reasonable suspicion to further investigate appellant for the offense of possession of a controlled substance.  
See Lemmons, 
133 S.W.3d at 757.
  
Therefore, we hold that the trial court did not err by denying appellant’s motion to suppress.  We overrule appellant’s point.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 4, 2007

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.

2:
Appellant challenges only the validity of the stop, not probable cause for arrest.

3:
An objectively valid traffic stop is not unlawful even if it is merely pretextual (i.e., even if the detaining officer has some ulterior motive for making the stop).  
Crittenden v. State, 
899 S.W.2d 668, 671, 674 (Tex. Crim. App. 1995); 
Garcia v. State, 
827 S.W.2d 937, 944 (Tex. Crim App. 1992).

4:
Appellant argues that Officer Brashear’s testimony at trial concerning the alleged traffic offense contained discrepancies.  However, we presume that the trial court resolved any discrepancies against appellant.  
See Kelly, 
204 S.W.3d at 818; 
Estrada, 
154 S.W.3d at 607.