COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-189-CR

 

 

PAUL WILEY WEST                                                              APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Paul Wiley West
appeals his conviction for possession of a controlled substance, cocaine, of
less than one gram.  In his sole point,
appellant argues that the trial court erred by denying his motion to suppress
illegally obtained evidence.  We affirm.  








 

Background Facts

On September 11, 2005,
Officer Chris Brashear saw a 2003 Subaru parked in front of a known narcotics
location on Talton Avenue in Tarrant County. 
While driving by the house, Officer Brashear saw one of three
individuals who had been sitting in lawn chairs in front of the house approach
the Subaru.  Believing that a drug
transaction had just occurred, Officer Brashear turned his patrol car around
and began to follow the Subaru as it pulled away from the house.  Officer Brashear testified that he then
stopped the Subaru after appellant, who was driving, failed to signal his turn
at least 100 feet before an intersection. 
While approaching the vehicle, Office Brashear noticed appellant
reaching into the center console area of the car.  Consequently, Officer Brashear asked
appellant to step out of the Subaru.  He
then observed two rock-like substances that appeared to be crack cocaine on the
floorboard of the vehicle.  At a
pretrial  hearing, the trial judge denied
appellant=s motion to
suppress after determining that Officer Brashear had reasonable suspicion to
stop appellant, subsequently observed a controlled substance in plain view, and
therefore had probable cause to arrest appellant without a warrant.








A jury found appellant guilty
of the offense of possession of a controlled substance, cocaine, of less than
one gram.  The trial judge sentenced
appellant to one year=s
confinement in the State Jail Division of the Texas Department of Criminal
Justice.

Analysis

In his sole point, appellant
argues that the trial court erred in denying his  motion to suppress evidence of the crack
cocaine.  Specifically, he contends that
the stop was illegal because Officer Brashear lacked reasonable suspicion to
believe that appellant had committed a traffic offense.

Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort  Worth 2003, no pet.).  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Montanez v. State, 195 S.W.3d 101,
108-09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006). 
When the record is silent on the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, as is the
case here, we imply the necessary fact findings that would support the trial
court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id. at
819.  We then review the trial court=s legal ruling de novo unless the implied fact findings supported by
the record are also dispositive of the legal ruling.  Id.

In determining whether a
trial court=s decision
is supported by the record, we generally consider only evidence adduced at the
suppression hearing because the ruling was based on it rather than evidence
introduced later.  See Rachal v. State,
917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 U.S. 1043
(1996).  But this general rule is
inapplicable when the parties consensually relitigate the suppression issue
during trial on the merits.  Id.  If the State raises the issue at trial either
without objection or with subsequent participation in the inquiry by the
defense, the defendant is deemed to have elected to re‑open the evidence,
and we may consider the relevant trial testimony in our review.  Id.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.  








A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche, 10 S.W.3d at 328.  An officer conducts a lawful temporary
detention when he or she has reasonable suspicion to believe that an individual
is violating the law.  Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005). 
Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that when combined
with rational inferences from those facts, would lead him to reasonably conclude
that a particular person is, has been, or soon will be engaged in criminal
activity.  Id. at 492-93.  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id.  at 492.

Discussion

Appellant argues that the
record does not support the trial court=s finding that he committed a traffic offense.  Appellant contends that discrepancies between
Officer Brashear=s testimony
and his written report are sufficient to question his credibility.[2]








Officer Brashear testified at
the pretrial hearing that appellant failed to use his signal 100 feet prior to
turning from Belzise Street onto Glen Garden. 
Failure to continuously signal 100 feet before a turn constitutes a
traffic offense.  See Tex. Transp. Code Ann. ' 545.104(b) (Vernon 1999); Castro v. State, 227 S.W.3d 737, 739
n.1 (Tex. Crim. App. 2007).  A law
enforcement officer may validly stop and detain a person for a traffic
violation.[3]
 Lemmons v. State, 133 S.W.3d 751,
755-56 (Tex. App.CFort Worth
2004, pet. ref=d).  Under the applicable standard of review, we
defer to the trial court=s assessment
of Officer Brashear=s and
appellant=s
credibility.  See Ross, 32 S.W.3d
at 855; Ballard, 987 S.W.2d at 891. 
Viewing the evidence in the light most favorable to the trial court=s ruling, then, we infer that the trial court believed Officer
Brashear=s testimony.[4]
 See Kelly, 204 S.W.3d at 819.
Accordingly, giving deference to the trial court=s implied finding that Officer Brashear saw appellant commit the
traffic violation of failure to signal 100 feet before a turn, we conclude and
hold that the trial court did not err by determining that the officer had
reasonable suspicion to stop appellant and that the stop was valid.  








Regardless, once a police
officer makes a bona fide stop or arrest for a traffic offense, he can then
make an arrest, or an additional arrest, for any other offense unexpectedly
discovered while investigating or questioning a motorist.  See Lemmons, 133 S.W.3d at 756; Hernandez
v. State, 867 S.W.2d 900, 907 (Tex. App.CTexarkana 1993, no pet.). 
Incident to the latter action, he may also conduct a search.  See Lemmons, 133 S.W.3d at 756; Little
v. State, 853 S.W.2d 179, 184 (Tex. App.CCorpus Christi 1993, no pet.).

Here, Officer Brashear,
having validly stopped and detained appellant for the offense of failing to
signal a turn, was authorized to further investigate any other offense for
which he developed reasonable suspicion. See Tex. Transp. Code
Ann. '' 545.104(b),
545.106; Davis v. State, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997);
Lemmons, 133 S.W.3d at 757.  Officer
Brashear=s observation of appellant=s furtive movements as he was approaching the car and of the
cocaine-like substances in plain view in the car during the stop were sufficient
to constitute reasonable suspicion to further investigate appellant for the
offense of possession of a controlled substance.  See Lemmons, 133 S.W.3d at 757.  Therefore, we hold that the trial court
did not err by denying appellant=s motion to suppress.  We
overrule appellant=s point.

 

 








Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 4, 2007











[1]See Tex. R. App. P. 47.4.





[2]Appellant
challenges only the validity of the stop, not probable cause for arrest.





[3]An
objectively valid traffic stop is not unlawful even if it is merely pretextual
(i.e., even if the detaining officer has some ulterior motive for making the
stop).  Crittenden v. State, 899
S.W.2d 668, 671, 674 (Tex. Crim. App. 1995); Garcia v. State, 827 S.W.2d
937, 944 (Tex. Crim App. 1992).





[4]Appellant
argues that Officer Brashear=s testimony at trial
concerning the alleged traffic offense contained discrepancies.  However, we presume that the trial court
resolved any discrepancies against appellant. 
See Kelly, 204 S.W.3d at 818; Estrada, 154 S.W.3d at 607.