United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40797
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK FLEMING,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-162-2
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Derrick Fleming challenges the district court's ruling on his motion to suppress evidence in his appeal of his conditional guilty-plea conviction for possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

Fleming argues that law enforcement officials' initial stop of the vehicle in which he was a passenger violated the Fourth Amendment. He also argues that the duration of his detention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated the Fourth Amendment.

Suppression hearing testimony indicates that the police officers stopped the vehicle in which Fleming was a passenger because the taillights were continuously lit. The officer testified that it appeared that the vehicle was braking when it was not. Specifically, the police officer testified that he stopped the vehicle pursuant to Texas Transp. Code § 547.323 because the vehicle had defective taillights, which were a traffic hazard. The district court correctly determined that a taillight that is constantly on and that cannot signal when a vehicle is braking does not comply with the Texas Transportation Code. See Texas Transp. Code §§ 545.105, 545.106, 547.323 (Vernon 2003). Because the police officers had probable cause to believe that a traffic violation was occurring when they observed the vehicle's defective taillights, the decision to stop the vehicle was reasonable and did not violate the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 809-10 (1996). The appellant's reliance on United States v. Lopez-Valdez, 178 F.3d 282 (5th Cir. 1999), is misplaced. In Lopez-Valdez, the observed defect in the taillight upon which the traffic stop was based was not a violation of the Texas Transportation Code and did not provide a basis for the officer's belief that a traffic violation had occurred. Id. at 289.

Suppression hearing testimony also indicates that after the vehicle was stopped, the officers requested a computer check after ensuring their own safety. Questioning both before the computer

2

check and while the computer check was pending provided reasonable suspicion based on articulable facts that a search of the vehicle was warranted. Thus, the detention did not violate the Fourth Amendment. <u>See United States v. Shabazz</u>, 993 F.2d 431, 435 (1993); <u>United States v. Gonzalez</u>, 328 F.3d 755, 758 (5th Cir. 2003).

The judgment of the district court is therefore AFFIRMED.