

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-321-CR

TERENCE STANLEY SMITH                         APPELLANT

V.

THE STATE OF TEXAS                               STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Terence Stanley Smith appeals his conviction for driving while intoxicated. In his only point, appellant claims that the trial court erred by denying his motion to suppress evidence gathered subsequent to the initial

----

[1] *See* TEX. R. APP. P. 47.4.

traffic stop on the grounds that the arresting officer had no probable cause or reasonable suspicion to stop or detain him. We affirm.

**Background Facts**

In the early hours of March, 25, 2006, Roanoke Police Officer William Taylor stopped at an intersection behind appellant's vehicle. At the stop light, Officer Taylor noticed that all three brake lamps on appellant's vehicle were activated but that when the light turned green and the vehicle began to move forward, two of the lights deactivated while the driver's side brake lamp remained illuminated. Officer Taylor believed that the condition of the brake lamp was a traffic violation and posed a possible traffic hazard, and he immediately stopped appellant's vehicle to inform him that the light was not working properly. The resulting interaction between Officer Taylor and appellant led to appellant's arrest for driving while intoxicated.

Appellant filed a motion to suppress the evidence obtained following the initial stop, contending that Officer Taylor stopped him without reasonable suspicion of criminal activity or probable cause to believe that he was engaged in criminal activity. At the suppression hearing, appellant testified that prior to the stop and arrest, he replaced the bulb for the driver's side turn signal on his vehicle. Appellant explained that his vehicle was a European model BMW 318i that required European bulbs in his tail lights. Because the store did not carry

2

the European bulb his car required, he used an American bulb that operated at a higher wattage. Consequently, the higher wattage bulb in the driver's side tail light constantly burned brighter than the other lights and made the brake light below it appear to be constantly illuminated.

After the trial court took judicial notice that appellant's vehicle was required by federal law to have three operational brake lights, the court concluded that Officer Taylor did have probable cause to initiate the traffic stop under his reasonable belief that the defective light was a traffic violation. Accordingly, the trial court denied appellant's motion to suppress. After the trial court overruled his motion to suppress, appellant changed his plea to guilty, and the trial court assessed a punishment at 180 days' confinement, probated for twelve months, and a $500.00 fine.

### Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the

3

witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19.

4

We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. at 819.

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *Id*.; *see Amador*, 221 S.W.3d at 673; *Wiede*, 214 S.W.3d at 25. We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

**Constitutionality of Traffic Stops**

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment

5

violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672. A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Id*. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01, 18.04 (Vernon 2005 & Supp. 2008) (providing requirements for issuance of a search warrant); *Amador,* 221 S.W.3d at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Whether a search is reasonable is a question of law that we review de novo. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004). Reasonableness is measured by examining the totality of the circumstances. *Id*. at 63. It requires a balancing of the public interest and the individual's right to be free from arbitrary detentions and intrusions. *Id*. A search conducted without a warrant is per se unreasonable unless it falls within one of the "specifically defined and well-established" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1004 (2003); *see Best*, 118 S.W.3d at 862.

6

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Ford*, 158 S.W.3d at 492. Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Id*. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*.

Therefore, in stopping vehicles for an investigative detention based on a traffic violation, the State need not prove that the detainee actually committed a traffic violation. *Drago v. State,* 553 S.W.2d 375, 377 (Tex. Crim. App. 1977); *De Los Santos v. State,* No. 02-07-00135-CR, 2008 WL 1777988, at *3 (Tex. App.—Fort Worth Apr. 17, 2008, no pet.) (mem. op., not designated for publication). The State must only show that the officer reasonably suspected that the driver was committing a traffic violation. *De Los Santos*,

7

2008 WL 1777988, at *3.  If the State establishes reasonable suspicion, then the stop does not violate the Fourth Amendment even if, upon further investigation, it is discovered that no traffic violation actually occurred.  *See Drago,* 553 S.W.2d at 377; *De Los Santos,* 2008 WL 1777988, at *3.

**Applicable Law**

The pertinent portion of Texas Transportation Code section 547.323 provides that:

> (d) A stoplamp shall emit a red or amber light, or a color between red and amber, that is:
>
> > (1) visible in normal sunlight at a distance of at least 300 feet from the rear of the vehicle; and
>
> > (2) displayed when the vehicle service brake is applied.

TEX. TRANSP. CODE ANN. § 547.323 (Vernon 1999)*.*  Additionally, an operator may not stop or suddenly decrease the speed of the vehicle without first giving a stop signal by lighting signal lamps.  *Id.* § 545.105–06 (Vernon 1999).  Texas law also requires vehicles to comply with federal standards.  *Id.* § 547.3215 (Vernon 1999).  Federal standards require cars less than eighty inches wide to have three stoplamps on the rear of the car.  *See Starrin v. State,* No. 02-04-00360-CR, 2005 WL 3343875, at *1 (Tex. App.—Fort Worth Dec. 8, 2005, no pet.) (mem. op., not designated for publication).  The trial

8

court took judicial notice that because appellant's car was less than eighty inches wide, it was required to have three operational brake lights.

**Discussion**

In his sole point, appellant complains that the trial court erred by denying his motion to suppress evidence obtained from the traffic stop because Officer Taylor had neither probable cause that he had been, or was about to be involved in criminal activity nor reasonable suspicion that criminal activity was afoot. Specifically, appellant contends that the only issue is whether he committed a "ticketable" traffic offense because his rear brake lamp remained continually illuminated. However, the issue here is not whether appellant committed a traffic violation; rather, the issue is whether Officer Taylor had reasonable suspicion to stop appellant for a traffic offense. *See Drago,* 553 S.W.2d at 377; *De Los Santos,* 2008 WL 1777988, at *3.

Officers have authority to stop and briefly detain persons who are suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Davis v. State,* 947 S.W.2d 240, 244 (Tex. Crim. App. 1997); *Tucker v. State,* 183 S.W.3d 501, 508 (Tex. App.—Fort Worth 2005, no pet.). Temporary investigative detentions are appropriate when officers have "specific articulable facts, which, premised upon [the officer's] experience and personal knowledge, when coupled with logical

9

inferences from those facts would warrant the intrusion on the detainee." *Davis,* 947 S.W.2d at 244; *Tucker,* 183 S.W.3d at 508. A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law. *Armitage v. State,* 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *Lemmons v. State,* 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref'd). Further, because a violation of the traffic laws constitutes probable cause to arrest the violator, the need for reasonable suspicion to stop the driver is obviated. *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999); *Lemmons,* 133 S.W.3d at 756; *State v. Ayala,* 981 S.W.2d 474, 476 (Tex. App.—El Paso 1998, pet. ref'd).

Appellant argues that his vehicle did not violate transportation code section 547.323 because the three required brake lamps on his vehicle activated and deactivated as required by law. *See* TEX. TRANSP. CODE ANN. § 547.323. Appellant testified that the driver's side brake light only appeared to be constantly illuminated when the service brake was deactivated because of a high wattage turn-signal light that continuously shone through the brake light. However, Officer Taylor testified that he stopped the vehicle because it appeared that the driver's side brake light was constantly illuminated and, therefore, presented a roadway hazard because of a malfunction. Whether the stop was based on the actual malfunction of the driver's side brake light or

10

merely the appearance of the brake light's malfunction is inconsequential because the relevant part of the statute states that a "stoplamp shall emit" the requisite light "when the vehicle service brake is applied." *See id*. Thus, the function of the brake light is to signal that the vehicle is stopping when it is, in fact, stopping. If the vehicle's brake lights are continuously lit, or appear to be continuously lit, then the vehicle cannot properly indicate when it is actually stopping. *See State v. Fleming,* 84 F. App'x 396, 396–97 (5th Cir. 2003), *cert. denied,* 541 U.S. 1018 (2004) (not designated for publication) (holding that probable cause existed when the officer stopped a driver whose brake lights were constantly illuminated in violation of Texas Transportation Code section 547.323).

A brake light that is constantly on and that cannot signal when the vehicle is braking does not comply with transportation code section 547.323. *See* TEX. TRANSP. CODE ANN. § 547.323*; Fleming,* 84 F. App'x at 396–97. Because Officer Taylor had a reasonable suspicion to believe a traffic violation was occurring when he observed the vehicle's defective brake lights, the decision to stop the vehicle was reasonable and did not violate the Fourth Amendment. *See Fleming,* 84 F. App'x at 396–97. We hold that the trial court did not err by denying appellant's motion to suppress and overrule his sole point.

11

## Conclusion

Having overruled appellant's sole point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 14, 2008