Timothy Wayne **LEMMONS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–02–346–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 12, 2004.

Rehearing Overruled March 25, 2004.

L. Patrick Davis, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Helena F. Faulkner, Jennifer Tourje, Dawn Handy Rhoden, Assistant District Attorneys, Fort Worth, for state.

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Timothy Wayne Lemmons appeals from his deferred adjudication on his plea of guilty to the offense of possession of cocaine with the intent to deliver and his sentence of ten years' probation. In two points, appellant complains that the trial court erred by denying appellant's motion to suppress illegally seized evidence and that appellant's plea of guilty was not freely and voluntarily given because of the trial court's erroneous admonishment as to the range of punishment. We affirm.

### FACTS

On or about 10:30 p.m. on July 17, 2001, Officer Richard Hernandez, an Arlington police officer, was parked on Harriett Street. He saw a four-door Cadillac car make a right turn without a signal. The officer made a U-turn and drove off down a nearby street so that he could catch up to the Cadillac. When the Cadillac passed in front of Officer Hernandez, he followed the car and turned on his overhead lights to initiate a traffic stop. When Officer Hernandez turned on his lights, the Cadillac pulled into a private driveway.

When the officer went up to the driver's side door, he could see that appellant had been driving the car. After he began speaking to appellant through the window, he noticed a plastic baggie sticking out from the right side of appellant's body in the area where the seat belt buckles. Officer Hernandez asked appellant to step out of the car. When appellant did, the officer noticed that the baggie contained a white substance that looked like crack cocaine. After backup arrived, the officer went to appellant's car, illuminated the baggie with his flashlight, and determined that the baggie contained crack cocaine. At that point, Officer Hernandez seized the baggie and arrested appellant for possession.

At trial, appellant filed a motion to suppress illegally seized evidence from the traffic stop. In it, he alleged that the traffic stop was an illegal detention, effected without a warrant and without probable cause. The trial court conducted a hear-

ing on the motion and denied it in a written order. Appellant entered an open plea of guilty. The trial court deferred adjudication of his guilt and sentenced appellant to ten years' probation.

## MOTION TO SUPPRESS

■ In appellant's first point, he complains that the trial court erred by denying his motion to suppress evidence. Specifically, he contends that the traffic stop was illegal because reasonable suspicion did not exist to justify the stop or the detention of appellant's car.

### Standard of Review

■ We review a trial court's denial of a motion to suppress for abuse of discretion. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999). There is an abuse of discretion when the ruling was so clearly wrong as to be outside that zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). We afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000). We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor. *Carmouche*, 10 S.W.3d at 332; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We review de novo the trial court's application of law to those facts in the determination of reasonable suspicion and probable cause. *Carmouche*, 10 S.W.3d at 327; *Guzman*, 955 S.W.2d at 89.

■ When the trial court does not make explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supporting its ruling, if those findings are supported by the record. *Carmouche*, 10 S.W.3d at 327–28. In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence that may have been introduced later. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Crim. App.), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996); *James v. State*, 102 S.W.3d 162, 170 (Tex.App.-Fort Worth 2003, pet. ref'd).

### Discussion

Appellant argues that the record does not support the trial court's finding that appellant committed a traffic offense. Appellant contends that Officer Hernandez had a "hunch" about appellant's car and used the traffic stop as a pretext for the stop. Appellant claims that the stop was based upon "mere" suspicion rather than "reasonable" suspicion.

The State argues that Officer Hernandez validly stopped appellant for committing a traffic offense. It contends that a law enforcement officer may validly stop and detain a person for a traffic violation and that failure to signal a turn constitutes a traffic offense. *See* TEX. TRANSP. CODE ANN. § 545.104 (Vernon 1999); *Krug v. State*, 86 S.W.3d 764, 767 (Tex.App.-El Paso 2002, pet. ref'd) (holding that police officer had probable cause to conduct traffic stop where defendant failed to signal a right-hand turn when he turned his vehicle from a public road onto a private driveway). We agree with the State.

We begin with the officer's testimony that he initially stopped and temporarily detained appellant for the traffic offense of failing to signal a turn. *See* TEX. TRANSP. CODE ANN. § 545.104. Officer Hernandez testified that he saw appellant make a right turn without using a turn signal.

■ A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex.Crim.App. 1982); *Santos v. State*, 822 S.W.2d 338, 341 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). Under the Texas Transportation Code, the operator of a vehicle must use a lamp signal to indicate an intention to turn, change lanes, or start from a parked position. TEX. TRANSP. CODE ANN. §§ 545.104(a), 545.106. The requirement is mandatory, and failure to signal a turn constitutes a traffic offense. *See id.* § 545.104(a). Any peace officer may arrest, without a warrant, a person found committing a violation of the Texas traffic laws because a violation of the traffic laws constitutes probable cause to arrest the violator. *See id.* § 543.001; *Snyder v. State*, 629 S.W.2d 930, 934 (Tex.Crim.App. 1982) (op. on reh'g) (holding that absence of brake lights and a valid inspection sticker authorized police officer to arrest the defendant without a warrant; likewise, officer had probable cause to arrest defendant due to his failure to produce a valid driver's license); *State v. Ayala*, 981 S.W.2d 474, 476 (Tex.App.-El Paso 1998, pet. ref'd) (holding that police officer's observation of defendant committing traffic offense of failing to drive his vehicle in single lane gave officer probable cause to stop vehicle and arrest defendant, thereby obviating need for reasonable suspicion). Giving deference to the trial court's findings we conclude that Officer Hernandez's observation of a traffic violation was sufficient to constitute probable cause for the stop. To the extent appellant's first point challenges the initial stop as a pretext, that portion is overruled.

■ Appellant also challenges the officer's continued detention claiming that the officer did not have reasonable suspicion to detain and investigate. At the suppression hearing the State had the burden of proving reasonable suspicion for yet another offense. *See Russell v. State*, 717 S.W.2d 7, 9–10 (Tex.Crim.App.1986) (op. on reh'g); *State v. Giles*, 867 S.W.2d 105, 108 (Tex. App.-El Paso 1993, pet. ref'd).

■ A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks evidence rising to the level of "probable cause." *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968); *Woods v. State*, 956 S.W.2d 33, 35 (Tex.Crim.App.1997). These facts must amount to more than a mere hunch or suspicion. *Davis v. State*, 947 S.W.2d 240, 244 (Tex.Crim.App.1997). The "reasonable suspicion" standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant. The reasonable suspicion determination is made by considering the totality of the circumstances. *McQuarters v. State*, 58 S.W.3d 250, 255 (Tex.App.-Fort Worth 2001, pet. ref'd) (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001)). Once a police officer makes a bona fide stop or arrest for a traffic offense, he can make an additional arrest for any other offense unexpectedly discovered while investigating or questioning a motorist. *See Hernandez v. State*, 867 S.W.2d 900, 907 (Tex.App.-Texarkana 1993, no pet.). Incident to the latter action, he may also conduct a search. *See Little v. State*, 853

S.W.2d 179, 184 (Tex.App.-Corpus Christi 1993, no pet.).

The officer in the present case, having validly stopped and detained appellant for the offense of failing to signal a turn, was authorized to further investigate another offense under these conditions. *See* TEX. TRANSP. CODE ANN. §§ 545.104(a), 545.106; *Davis,* 947 S.W.2d at 245 n. 6. Under the circumstances of the present case, the officer's observation of a suspicious baggie sticking out of the car seat during a valid traffic stop was sufficient to constitute reasonable suspicion to further investigate appellant for the offense of possession. We hold that the trial court did not err by denying appellant's motion to suppress. We overrule appellant's first point.

## ADMONISHMENT ON THE RANGE OF PUNISHMENT

 Appellant argues that the court erred by not admonishing him that the correct range of punishment for his offense, without the enhancement, was five years to life imprisonment. Appellant contends that at the time he pled guilty, he believed that the range of punishment was fifteen years to life imprisonment. He claims that his plea was not voluntary because at the time he entered his plea, he did not know that the punishment range was actually only five years to life imprisonment. He contends that if he had known, then he would not have pled guilty.

### Standard of Review

 Under article 26.13 of the Texas Code of Criminal Procedure, the trial court must admonish the defendant of the range of punishment for the offense before the court accepts a plea of guilty or nolo contendre. TEX.CODE.CRIM. PROC. ANN. art. 26.13 (Vernon Supp.2004). The purpose of article 26.13 is to ensure that only constitutionally valid pleas are entered by defen-

dants and accepted by trial courts. *Meyers v. State,* 623 S.W.2d 397, 402 (Tex. Crim.App. [Panel Op.] 1981); *Lord v. State,* 63 S.W.3d 87, 90 (Tex.App.-Corpus Christi 2001, no pet.). To be constitutionally valid, a guilty plea must be knowing and voluntary. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970); *Stephens v. State,* 15 S.W.3d 278, 279 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd), *cert. denied,* 531 U.S. 1169, 121 S.Ct. 1134, 148 L.Ed.2d 999 (2001). Substantial compliance with article 26.13 by the trial court establishes a prima facie case that the plea was valid. TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Eatmon v. State,* 768 S.W.2d 310, 312 (Tex. Crim.App.1989); *Lord,* 63 S.W.3d at 90.

 A trial court is considered to have substantially complied with article 26.13 when it admonishes the defendant of the appropriate range of punishment, the sentence given is within the range prescribed by law, and the defendant fails to affirmatively show harm. *See Hughes v. State,* 833 S.W.2d 137, 139–40 (Tex.Crim. App.1992). Upon a showing of substantial compliance, the burden then shifts to appellant to show that he entered the plea without understanding the consequences of his action and he suffered harm. *Eatmon,* 768 S.W.2d at 312; *see Singleton v. State,* 986 S.W.2d 645, 650 (Tex.App.-El Paso 1998, pet. ref'd). However, a plea of guilty is not rendered involuntary merely because the defendant received a greater punishment than anticipated or because he did not assess every relevant factor when entering into his decision to plead guilty. *Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex.App.-Dallas 1993, no pet.).

### Discussion

A review of the record reveals that at the January 7, 2002 hearing on appellant's motion to suppress, the court read appel-

lant the following admonishments on the potential range of punishment in his case:

THE COURT: You understand that the—if you are convicted of this offense [possession with the intent to deliver] that you face a potential imprisonment range of no less than five years, no more than 99 years or life, and in addition you could receive a $10,000 fine. You understand that?

[APPELLANT]: Yes, Your Honor.

THE COURT: You understand that if it is proven that the allegation that you have a prior conviction from December of 1990 is true, that increases the minimum punishment to 15 years to life—15 years to 99 years or life in the Texas penitentiary. Do you understand that?

[APPELLANT]: Yes, sir.

At the plea hearing on April 25, 2002, the trial court admonished appellant again regarding the possible range of punishment for his offense:

THE COURT: Now, if you persist in pleading guilty to this case and you admit to certain other allegations in this case, then the range of punishment that I could sentence you to is for a period of time incarceration in the penitentiary of no less than 15 years, no more than 99 years or life, and a fine not to exceed $10,000 could be imposed. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: That is the range of punishment.

However, before the conclusion of the sentencing hearing the following exchange occurred:

THE COURT: It's my understanding . . . that the State now wishes to waive the enhancement paragraph; is that correct?

[THE STATE]: That's correct, Your Honor. . . . So for the purposes of this [sentencing] hearing, the State will waive the enhancement. So the punishment range for the first degree felony will be *five to 99 or life.*

THE COURT: Any objections to the enhancement notice being waived?

[DEFENSE COUNSEL]: None whatsoever, Your Honor.

THE COURT: All right. Both sides may be seated. [Appellant], you understand what we are doing here this morning is your punishment hearing; you understand that?

[APPELLANT]: Yes, sir, Your Honor.

THE COURT: You understand that by the State waiving the enhancement notice, it has *effectively reduced the minimum punishment from 15 years down to five years,* you could receive up to 99 years or life as a result of this. Do you understand that?

[APPELLANT]: Yes, sir.

[Emphasis added.]

On April 25, 2002, appellant also signed written plea admonishments that dictated that he could face the punishment range for a first degree felony enhanced (fifteen to ninety-nine years or life imprisonment). Appellant argues that since the written admonishments were not amended to reflect the range of punishment without the enhancement (five to ninety-nine years or life imprisonment) his plea was not voluntary. Moreover, he claims that the mistaken admonishments caused the rendition of a guilty plea and that the trial court violated appellant's "substantial right" because he was not allowed to withdraw his guilty plea.

The trial court in this case correctly orally admonished appellant about the minimum punishment he could receive both during the hearing on the motion to suppress and at the end of his plea hear-

ing, just before sentencing. The trial court also assessed punishment within the actual range for the offense. Additionally, appellant's trial counsel expressly stated that he did not object to the waiver of the enhancement.[1] Consequently, the trial court's admonishment substantially complied with article 26.13(a)(1), and appellant's guilty plea was prima facie knowingly and voluntarily made. The burden then shifted to appellant to show otherwise.

The issue becomes, therefore, whether appellant has affirmatively shown that, despite the trial court's substantial compliance with article 26.13(a)(1), he was not aware of the consequence of his plea as it related to the correct range of punishment for his offense and was misled or harmed by the court's admonishment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c).

An "affirmative" showing requires more than a defendant's unsupported, subjective assertion that he did not know the punishment range for his offense, that he would not have entered the plea in question had he been correctly admonished, or that he was misled or harmed by the trial court's admonishment. *See Ex parte Gibauitch*, 688 S.W.2d 868, 872 (Tex.Crim. App.1985); *Sanchez v. State*, 854 S.W.2d 677, 680–81 (Tex.App.-Dallas 1993, no pet.); *Myers v. State*, 780 S.W.2d 441, 445 (Tex.App.-Texarkana 1989, pet. ref'd). And, a defendant cannot, as appellant attempts to do, make an affirmative showing by relying solely on the fact that the trial court's admonishment on the range of punishment changed when the State waived the enhancement.

Here, the court admonished appellant on the possible range of punishment both with and without the enhancement. Even given an incorrect admonishment, a defendant may other-

wise know or understand the correct range of punishment before the trial court accepts his plea. Given the multiple admonishments that appellant received and his express statements that he understood the range of punishment and the waiver of the enhancement, it is clear from the record that appellant was aware of that particular consequence of his plea. Accordingly, when the consequence of a defendant's plea relates to the range of punishment for the charged offense, we hold that a defendant must show by evidence grounded in the record both his lack of knowledge or understanding about the punishment range for his offense and, objectively, the manner in which he was misled or harmed. *See Grays v. State*, 888 S.W.2d 876, 878–79 (Tex.App.-Dallas 1994, no pet.).

Applying the above standards to this case, we conclude appellant has failed to meet his burden of showing affirmatively that he was unaware of or misunderstood the range of punishment for the offense and was misled or harmed by the trial court's admonishments. There is nothing in the record to indicate that appellant did not know the true range of punishment for the offense he pled to. Appellant has failed to establish through evidence in the appellate record that he did not otherwise have knowledge or an understanding of the punishment range before the trial court accepted his open guilty plea. Additionally, nothing in the record indicates that the trial court's admonishment misled appellant into making a guilty plea and foregoing another choice that potentially could have resulted in a more favorable sentence. In fact, appellant received a particularly lenient sentence of ten years' probation.

---

1. The State waived the enhancement at the sentencing hearing on July, 26, 2002.

Because appellant has failed to show affirmatively that he was unaware of the consequence of his plea and that he was misled or harmed by the trial court's admonishment, he has failed to rebut the prima facie showing that his guilty plea was knowing and voluntary. Accordingly, we conclude appellant knowingly and voluntarily pled guilty and that the trial court did not err in accepting appellant's plea. We overrule appellant's second point.

## CONCLUSION

Having overruled both of appellant's points, we affirm the trial court's judgment.