

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-137-CR

JOHNNY ANDREWS BREZINA                                     APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two points, Appellant Johnny Andrews Brezina asserts that (1) his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated when a police officer stopped his vehicle without

---

[1] *See* TEX. R. APP. P. 47.4.

probable cause or reasonable suspicion and (2) the trial court erred when it overruled Brezina's motion to suppress. We affirm.

## II. Factual and Procedural History

Brezina was charged with the offense of driving while intoxicated, a Class A misdemeanor. He filed a motion to suppress alleging that the evidence in this case was obtained as a result of an improper detention. At the hearing on the motion, the parties stipulated to the facts set forth in the arresting officer's written report. Those facts are as follows:

> On 10/19/04, at approximately 0115 hours, Officer W.S. Walls, 3074, working in 316, was traveling eastbound in the center lane at the 8600 block of Camp Bowie Boulevard West. Officer observed confiscated vehicle, the white Dodge Ram SUV, also traveling in the center lane in the 8600 block of Camp Bowie Boulevard West. This officer observed confiscated vehicle go from the center lane and turn southbound, onto 3500 Cimmaron Trail from center lane, crossing over the outside lane, and without using his turn signal. At this time, Officer Walls initiated a traffic stop by using red and blue lights on his marked patrol unit. Confiscated vehicle pulled into . . . the 7-Eleven parking lot.

In argument to the court on the motion, Brezina's counsel asserted that the arresting officer had stopped Brezina "because he didn't signal the lane change prior to his turn, so his turn -- his turning without a signal is incidental. The basis for the detention is changing lanes without a signal." He maintained that "a right-hand turn made without a signal" was "not enough" to justify Brezina's detention. The trial court overruled Brezina's motion to suppress,

2

stating that "it appears to me that based upon the narrative, the officer not only saw [Brezina] go from lane to lane, but he also saw him make a turn off of Camp Bowie Boulevard onto Cimmaron Trail without using his turn signal." The trial judge offered to "reconsider" his finding and his ruling "if anybody wants testimony on it," but Brezina declined the court's offer to hear live testimony.

Thereafter, Brezina pleaded guilty and was sentenced to thirty days' confinement in the Tarrant County Jail and a fine of $750.00. This appeal followed.

### III. Standard of Review

The factual background of this case is not in dispute; therefore, we apply a de novo standard of review. *Loesch v. State*, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997); *Guzman v. State*, 955 S.W.2d 85, 87, 89 (Tex. Crim. App. 1997). This is because the questions presented to us involve the application of the law to the facts, which were stipulated to and therefore did not turn on credibility and demeanor. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

### IV. Arguments

Citing *Hernandez v. State*, 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd), and *Corbin v. State*, 85 S.W.3d 272 (Tex. Crim. App. 2002),

3

Brezina makes the bold assertion that the facts surrounding the stop "violated the Fourth and Fourteenth Amendments to the U.S. Constitution."[2] He agrees that the reasonableness of his temporary detention by the officer is examined in terms of the totality of circumstances surrounding the stop and is justified when the officer had specific articulable facts which, along with rational inferences from those facts, lead him to conclude that the detained person is, has been, or soon will be, engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). That is, an officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

## V. Analysis

It is axiomatic that the Fourth Amendment forbids *unreasonable* searches and seizures. U.S. CONST. amend. IV; *Terry*, 392 U.S. at 20, 88 S. Ct. at 1879. It is Brezina's contention that the absence of probable cause or reasonable suspicion for the vehicle stop was a violation of this amendment.

---

[2] The exclusionary rule of the Fourth Amendment applies to the states via the Fourteenth Amendment. *See Hudson v. Michigan*, 547 U.S. 586, 590, 126 S. Ct. 2159, 2163 (2006).

When a traffic violation is committed within an officer's view, the officer may stop and detain the individual for the traffic violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Lemmons v. State*, 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref'd). The traffic statute in issue here is section 545.104(a) of the transportation code, which reads: "An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position." TEX. TRANSP. CODE ANN. § 545.104(a) (Vernon 1999). The failure to adhere to this statute is a traffic offense. *Lemmons*, 133 S.W.3d at 756; *Reha v. State*, 99 S.W.3d 373, 376 (Tex. App.—Corpus Christi 2003, no pet.); *Krug v. State*, 86 S.W.3d 764, 767 (Tex. App.—El Paso 2002, pet. ref'd).

## VI. Application

According to the stipulated facts, Officer Walls witnessed Brezina's vehicle move from Camp Bowie Boulevard West to Cimmaron Trail, "go[ing] from the center lane and turn[ing] southbound . . . crossing over the outside lane, and *without using his turn signal*." [Emphasis added.] Hence, the officer witnessed Brezina violate a statute, and therefore he lawfully stopped and detained him. No Fourth Amendment rights were violated, and the motion to suppress was properly overruled. We overrule Brezina's first and second points.

5

## VII.  Conclusion

Having overruled Brezina's two points, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:   MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 24, 2008