COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-137-CR

 

 

JOHNNY ANDREWS BREZINA                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In two points, Appellant Johnny Andrews Brezina
asserts that (1) his rights under the Fourth and Fourteenth Amendments to the
United States Constitution were violated when a police officer stopped his
vehicle without probable cause or reasonable suspicion and (2) the trial court
erred when it overruled Brezina=s motion
to suppress.  We affirm.

II. 
Factual and Procedural History

Brezina was charged with the offense of driving
while intoxicated, a Class A misdemeanor. 
He filed a motion to suppress alleging that the evidence in this case
was obtained as a result of an improper detention.  At the hearing on the motion, the parties stipulated
to the facts set forth in the arresting officer=s
written report.  Those facts are as
follows:

On 10/19/04, at
approximately 0115 hours, Officer W.S. Walls, 3074, working in 316, was
traveling eastbound in the center lane at the 8600 block of Camp Bowie
Boulevard West.  Officer observed
confiscated vehicle, the white Dodge Ram SUV, also traveling in the center lane
in the 8600 block of Camp Bowie Boulevard West. 
This officer observed confiscated vehicle go from the center lane and
turn southbound, onto 3500 Cimmaron Trail from center lane, crossing over the
outside lane, and without using his turn signal.  At this time, Officer Walls initiated a
traffic stop by using red and blue lights on his marked patrol unit.  Confiscated vehicle pulled into . . . the
7-Eleven parking lot.

 








In argument to the court on the motion, Brezina=s
counsel asserted that the arresting officer had stopped Brezina Abecause
he didn=t signal
the lane change prior to his turn, so his turn -- his turning without a signal
is incidental.  The basis for the
detention is changing lanes without a signal.@  He maintained that Aa
right-hand turn made without a signal@ was Anot
enough@ to
justify Brezina=s detention.  The trial court overruled Brezina=s motion
to suppress, stating that Ait
appears to me that based upon the narrative, the officer not only saw [Brezina]
go from lane to lane, but he also saw him make a turn off of Camp Bowie
Boulevard onto Cimmaron Trail without using his turn signal.@  The trial judge offered to Areconsider@ his
finding and his ruling Aif anybody wants testimony on
it,@ but
Brezina declined the court=s offer
to hear live testimony.

Thereafter, Brezina pleaded guilty and was
sentenced to thirty days= confinement in the Tarrant
County Jail and a fine of $750.00.  This
appeal followed.

III. 
Standard of Review

The factual background of this case is not in
dispute; therefore, we apply a de novo standard of review.  Loesch v. State, 958 S.W.2d 830, 832
(Tex. Crim. App. 1997); Guzman v. State, 955 S.W.2d 85, 87, 89 (Tex.
Crim. App. 1997).  This is because the
questions presented to us involve the application of the law to the facts,
which were stipulated to and therefore did not turn on credibility and
demeanor.  See Amador v. State,
221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005).   

IV. 
Arguments








Citing Hernandez v. State, 983 S.W.2d 867
(Tex. App.CAustin 1998, pet. ref=d), and Corbin
v. State, 85 S.W.3d 272 (Tex. Crim. App. 2002), Brezina makes the bold
assertion that the facts surrounding the stop Aviolated
the Fourth and Fourteenth Amendments to the U.S. Constitution.@[2]  He agrees that the reasonableness of his
temporary detention by the officer is examined in terms of the totality of
circumstances surrounding the stop and is justified when the officer had
specific articulable facts which, along with rational inferences from those
facts, lead him to conclude that the detained person is, has been, or soon will
be, engaged in criminal activity.  See
Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); Carmouche v.
State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).  That is, an officer conducts a lawful
temporary detention when he has reasonable suspicion to believe that an
individual is violating the law.  Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

V. 
Analysis

It is axiomatic that the Fourth Amendment forbids
unreasonable searches and seizures. 
U.S. Const. amend. IV; Terry,
392 U.S. at 20, 88 S. Ct. at 1879.  It is
Brezina=s
contention that the absence of probable cause or reasonable suspicion for the
vehicle stop was a violation of this amendment. 









When a traffic violation is committed within an
officer=s view,
the officer may stop and detain the individual for the traffic violation.  Walter v. State, 28 S.W.3d 538, 542
(Tex. Crim. App. 2000); Lemmons v. State, 133 S.W.3d 751, 756
(Tex. App.CFort Worth 2004, pet. ref=d).  The traffic statute in issue here is section
545.104(a) of the transportation code, which reads: AAn
operator shall use the signal authorized by Section 545.106 to indicate an
intention to turn, change lanes, or start from a parked position.@  Tex.
Transp. Code Ann. ' 545.104(a) (Vernon 1999).  The failure to adhere to this statute is a
traffic offense.  Lemmons, 133
S.W.3d at 756; Reha v. State, 99 S.W.3d 373, 376 (Tex. App.CCorpus
Christi 2003, no pet.); Krug v. State, 86 S.W.3d 764, 767 (Tex. App.CEl Paso
2002, pet. ref=d).

VI. 
Application

According to the stipulated facts, Officer Walls
witnessed Brezina=s vehicle move from Camp Bowie
Boulevard West to Cimmaron Trail, Ago[ing]
from the center lane and turn[ing] southbound . . . crossing over the outside
lane, and without using his turn signal.@  [Emphasis added.]  Hence, the officer witnessed Brezina violate a
statute, and therefore he lawfully stopped and detained him.  No Fourth Amendment rights were violated, and
the motion to suppress was properly overruled. 
We overrule Brezina=s first
and second points.

 








VII. 
Conclusion

Having overruled Brezina=s two
points, we affirm the judgment of the trial court.

 

PER
CURIAM

 

PANEL F:    MCCOY,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: July 24, 2008











[1]See Tex. R. App. P. 47.4.





[2]The exclusionary rule of
the Fourth Amendment applies to the states via the Fourteenth Amendment.  See Hudson v. Michigan, 547 U.S. 586,
590, 126 S. Ct. 2159, 2163 (2006).