COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-351-CR

 

 

CLINTON JUNIOR BAGBY, III                                                 APPELLANT

A/K/A CLINTON J. BAGBY III

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Clinton Junior Bagby, III, a/k/a
Clinton J. Bagby III, waived his right to a jury trial and entered an open plea
of guilty to aggravated robbery with a deadly weaponCa
firearm.[2]  The trial court postponed Bagby=s
sentencing pending the preparation of a pre-sentence investigation (PSI)
report.  Without objection by Bagby and
after the PSI was considered and filed by the trial court, the trial court
sentenced Bagby to a term of thirty-five years=
incarceration.[3]  Bagby now appeals his conviction and
sentence.  We will affirm.

Bagby=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in her professional opinion, the appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S.
Ct. 1396 (1967).  Bagby has filed a pro
se brief in which he enumerates two potential sources of error.  The State has not filed a brief.








As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);
Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).  Because Bagby
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Bagby=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).








We have carefully reviewed the record, counsel=s brief,
and Bagby=s pro se brief.[4]  We agree that the appeal is wholly frivolous
and without merit, and we find nothing in the record that might arguably
support the appeal.  See Bledsoe v.
State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment. 

PER
CURIAM

 

PANEL:  MEIER, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 29.03(a)(2) (Vernon
2003).





[3]See Tex. Penal Code Ann. ' 12.32(a) (Vernon
2003) (AAn individual adjudged
guilty of a felony of the first degree shall be punished by imprisonment in the
institutional division for life or for any term of not more than 99 years or
less than 5 years.@)





[4]Bagby argues in his first
issue that his appointed trial counsel was ineffective for failing to prepare
for trial and assuring Bagby that the Alenient Judge@ would assess a sentence five years or less.  Bagby argues in his second issue that his
guilty plea was involuntary.  The gist of
Bagby=s complaints is that he
was prevented from making an informed choice between having the trial judge
assess punishment rather than a jury; thus, he received a longer sentence than
he hoped for.  Bagby=s issues are without
merit.  See Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005) (stating that to overcome the
presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness); see also Lemmons
v. State, 133 S.W.3d 751, 757 (Tex. App.CFort Worth 2004, pet. ref=d) (stating that Aa plea of guilty is not
rendered involuntary merely because the defendant received a greater punishment
than anticipated or because he did not assess every relevant factor when
entering into his decision to plead guilty@).