

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-315-CR

ROBERT RENE RODRIGUEZ                               APPELLANT
A/K/A ROBERT RODRIGUEZ

V.

THE STATE OF TEXAS                                      STATE

------------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robert Rene Rodriguez a/k/a Robert Rodriguez entered an open plea of guilty to aggravated robbery with a deadly weapon—a firearm.[2] The trial court assessed Rodriguez's punishment at eighteen years' confinement. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

On May 2, 2008, Rodriguez signed written plea admonishments acknowledging that he was entering an open plea of guilty to the offense of aggravated robbery with a deadly weapon—a firearm. Rodriguez also signed a "Plea in Bar" whereby he admitted guilt to two counts of engaging in organized crime.[3] Rodriguez waived his right to have a court reporter make a record of the proceedings at which he would enter his guilty plea and when punishment was assessed. Accordingly, the appellate record does not contain a court reporter's transcription of the guilty plea hearing or the punishment hearing. The trial court accepted Rodriguez's plea and deferred sentencing until a PSI had been prepared. On August 22, 2008, the trial court reviewed the PSI, Rodriguez did not object, and the court assessed punishment at eighteen years' confinement.[4]

Rodriguez's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his motion and brief, counsel avers that in his professional opinion this appeal is wholly frivolous. Counsel's brief and motion meet the requirements of *Anders v.*

---

[3] *See* Tex. Penal Code Ann. § 71.02(a) (Vernon Supp. 2008).

[4] *See* Tex. Penal Code Ann. § 12.32(a) (Vernon 2003) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years.").

*California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Rodriguez has filed a pro se brief in which he argues that trial counsel pressured him into accepting an open plea through scare tactics and promises of a lesser sentence and that the trial court erred by not conducting a competency hearing.[5] In addition, the State has filed a letter brief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant

---

[5] *See Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd) (stating that "a plea of guilty is not rendered involuntary merely because the defendant received a greater punishment than anticipated or because he did not assess every relevant factor when entering into his decision to plead guilty"); *see also McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003) (stating that a trial court must conduct a competency inquiry on whether to hold a jury trial on defendant's competency if evidence of the defendant's competency is brought to the attention of the court from any source and the evidence raises a bona fide doubt as to the defendant's competency to stand trial); *Sparks v. State*, No. 02-07-00285-CR, 2008 WL 4180288, at *2–3 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op., not designated for publication) (holding that appellant did not present evidence to the trial court that raised a bona fide doubt that appellant was incompetent to stand trial).

counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351 (1988).

Because Rodriguez entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Rodriguez's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record before us, including the clerk's record, the written plea admonishments signed by Rodriguez, Rodriguez's motion for new trial, and counsel's and Rodriguez's briefs. We agree the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we grant the motion to withdraw filed by Rodriguez's counsel and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 6, 2009

4