COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-315-CR

 

 

ROBERT
RENE RODRIGUEZ                                                   APPELLANT

A/K/A ROBERT RODRIGUEZ

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Robert Rene Rodriguez a/k/a Robert
Rodriguez entered an open plea of guilty to aggravated robbery with a deadly
weaponCa
firearm.[2]  The trial court assessed Rodriguez=s
punishment at eighteen years=
confinement.  We will affirm.








On May 2, 2008, Rodriguez signed written plea
admonishments acknowledging that he was entering an open plea of guilty to the
offense of aggravated robbery with a deadly weaponCa
firearm.  Rodriguez also signed a APlea in
Bar@ whereby
he admitted guilt to two counts of engaging in organized crime.[3]  Rodriguez waived his right to have a court
reporter make a record of the proceedings at which he would enter his guilty
plea and when punishment was assessed. 
Accordingly, the appellate record does not contain a court reporter=s
transcription of the guilty plea hearing or the punishment hearing.  The trial court accepted Rodriguez=s plea
and deferred sentencing until a PSI had been prepared.  On August 22, 2008, the trial court reviewed
the PSI, Rodriguez did not object, and the court assessed punishment at
eighteen years= confinement.[4]








Rodriguez=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
his motion and brief, counsel avers that in his professional opinion this
appeal is wholly frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Rodriguez has
filed a pro se brief in which he argues that trial counsel pressured him into
accepting an open plea through scare tactics and promises of a lesser sentence
and that the trial court erred by not conducting a competency hearing.[5]  In addition, the State has filed a letter
brief.








In our duties as a reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 83B84, 109 S. Ct. 346, 351 (1988).

Because Rodriguez entered an open plea of guilty,
our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Rodriguez=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).

We have carefully reviewed the record before us,
including the clerk=s record, the written plea
admonishments signed by Rodriguez, Rodriguez=s motion
for new trial, and counsel=s and
Rodriguez=s briefs.  We agree the appeal is wholly frivolous and
without merit.  We find nothing in the
record that might arguably support the appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005).  Therefore, we grant the motion to
withdraw filed by Rodriguez=s
counsel and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:  MEIER, GARDNER, and
WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 6, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 29.03(a)(2) (Vernon
2003).





[3]See Tex. Penal Code Ann. ' 71.02(a) (Vernon
Supp. 2008).





[4]See Tex. Penal Code Ann. ' 12.32(a) (Vernon
2003) (AAn individual adjudged
guilty of a felony of the first degree shall be punished by imprisonment in the
institutional division for life or for any term of not more than 99 years or
less than 5 years.@).





[5]See Lemmons v. State,
133 S.W.3d 751, 757 (Tex. App.CFort Worth 2004, pet. ref=d) (stating that Aa plea of guilty is not
rendered involuntary merely because the defendant received a greater punishment
than anticipated or because he did not assess every relevant factor when
entering into his decision to plead guilty@); see also McDaniel v. State, 98 S.W.3d
704, 710 (Tex. Crim. App. 2003) (stating that a trial court must conduct a
competency inquiry on whether to hold a jury trial on defendant=s competency if evidence
of the defendant=s competency is brought
to the attention of the court from any source and the evidence raises a bona
fide doubt as to the defendant=s competency to stand trial); Sparks v. State,
No. 02-07-00285-CR, 2008 WL 4180288, at *2B3 (Tex. App.CFort Worth Sept. 11, 2008, no pet.) (mem. op.,
not designated for publication) (holding that appellant did not present
evidence to the trial court that raised a bona fide doubt that appellant was
incompetent to stand trial).