



## MEMORANDUM OPINION

No. 04-11-00232-CR
No. 04-11-00233-CR

David Wayne **SALCEDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court Nos. 948668, 948669
Honorable Jason Wolff, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  January 11, 2012

AFFIRMED

A jury found appellant guilty of resisting arrest and driving while intoxicated-open container.  The jury assessed punishment at no jail time with a $4,000 fine and 180 days' confinement with a $2,000 fine, respectively.  In a single issue on appeal, appellant asserts his trial counsel rendered ineffective assistance of counsel.  We disagree and affirm.

## BACKGROUND[1]

At around 5:00 p.m. on a December afternoon, San Antonio Police Department patrol officer E. Wade received a call for service at a mobile home park regarding an individual driving recklessly throughout the park. When Wade first arrived at the mobile home park, he contacted the individual who made the complaint. Based on this conversation, Wade began to look for a pickup truck. Wade said he saw the truck "coming at me at a high rate of speed, sliding around a corner." Wade identified appellant as the driver. Wade activated his overhead lights, and appellant stopped. Wade said he noted a "very strong" odor of alcohol on appellant's breath as soon as he got to the window of the truck. Wade also saw an open twenty-four ounce can of beer between the two seats. The can was cool to the touch and about half empty. Wade noticed appellant's speech was slurred when he asked appellant if he had been drinking, to which appellant responded, "It doesn't matter, I'm on private property, you can't arrest me for DWI."

Wade said appellant refused to step out of his truck when asked, and because he thought appellant was attempting to drive away, Wade reached into the truck and grabbed the gear shift. Appellant reached up with his arm and pinned Wade's arm against the steering column. Wade sprayed him with pepper spray. Wade then turned off the truck engine and removed the keys. Wade said appellant continued to resist even after he was pulled from the truck. Another person nearby helped get appellant onto the ground so that Wade could handcuff him. Wade said he placed appellant under arrest for suspicion of driving while intoxicated when appellant first refused to step out of the truck. Appellant refused to take the field sobriety test, insisting he was on private property and could not be arrested for driving while intoxicated. Once downtown at the police station, appellant refused to provide a breath sample.

---

[1] Although the arresting officer's version of the events leading to appellant's arrest differs from appellant's version, the following is taken from the officer's testimony because the differences are not relevant to the issue on appeal.

Wade described the area in which appellant had been driving inside the mobile home park as very dense with several children running around. Wade testified the mobile home park was a public place and not private property. But, he said he could not issue appellant a speeding ticket because he did not know how fast appellant was driving and appellant was on a private road. The following testimony is from Wade's cross-examination:

Q. And you never issued him a traffic citation, did you?
A. I couldn't issue a traffic citation in there.
Q. So based on that, was that the probable cause you used to arrest him?
A. No.

## ANALYSIS

On appeal, appellant contends the above statement is an admission by Wade that he lacked reasonable suspicion to detain appellant. Appellant asserts that although Wade observed reckless driving at the scene, the scene was private property and neither speeding nor reckless driving could support an arrest. Appellant concludes that because Wade lacked reasonable suspicion that a crime had been or would be committed, the necessary predicate for an investigative detention was missing. Therefore, appellant contends that because Wade did not notice appellant's alleged intoxicated condition until after he improperly detained appellant, his Fourth Amendment rights were violated. Appellant asserts his trial counsel was ineffective because he did not object to this Fourth Amendment violation. In reviewing the record for ineffective assistance of counsel, we begin with the strong presumption that the trial counsel's actions "fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). A defendant may rebut the presumption by demonstrating on the record that counsel's performance was not based on sound strategy. *See Ramirez v. State*, 987 S.W.2d 938, 945 (Tex. App.—Austin 1999, no pet.). We will reverse a

conviction if "the record demonstrates that no plausible purpose was served" by the challenged acts or omissions. *Id.*

The Fourth Amendment authorizes a brief investigatory detention based on reasonable articulable suspicion in order to determine identity, briefly investigate, and/or maintain the status quo. *See Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). An officer's temporary detention is lawful if based on reasonable suspicion that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Id.*

Ordinarily, a violation of a traffic law committed in view of a police officer is sufficient authority for a traffic stop and temporary detention. *See Lemmons v. State*, 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref'd). The premise of appellant's argument on appeal rests on his contention that speeding or reckless driving on private property is not a traffic violation. Appellant contends the mobile home park was private property; therefore, a police officer could not detain or arrest him for such driving. We disagree. "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE ANN. § 545.401(a) (West 2011). Section 545.401 applies to "a highway or other public place." *Id.* § 545.401(c)(2). The Texas Penal Code broadly defines "public place" to mean "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." TEX. PENAL CODE ANN. § 1.07(a)(40) (West 2011). This definition is cast in broad, open-ended language and allows

courts the discretion to expand its parameters where appropriate. *State v. Gerstenkorn*, 239 S.W.3d 357, 358-59 (Tex. App.—San Antonio 2007, no pet.). "The relevant inquiry is whether the public has access to the place." *Id.* at 359 (because anyone could enter gated community that had a security guard and limited access, community was a public place); *see also Woodruff v. State*, 899 S.W.2d 443, 445 (Tex. App.—Austin 1995, pet. ref'd) (holding air force base to be a public place even though the access gates were guarded twenty-four hours a day and the base "wasn't open just for any vehicle to come on base"; however, "given the right set of circumstances," anyone could gain access).

Here, Wade described the area in which appellant had been driving as very dense with several children running around. Appellant's mother testified 500 to 600 people lived in the community. It was undisputed that the public had unrestricted access to the mobile home park. Therefore, we conclude the park was within the Penal Code's definition of "public place." As a result, Wade witnessed a violation of a traffic law; therefore, he had the authority to detain appellant. For this reason, even if appellant's contentions on appeal are true—that trial counsel was ignorant of Fourth Amendment law—any trial objection based on the grounds advanced by appellant on appeal would have failed. Therefore, appellant has not established his "counsel's representation fell below the objective standard of professional norms." *Bone*, 77 S.W.3d at 833.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish