

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-351-CR

CLINTON JUNIOR BAGBY, III                                              APPELLANT
A/K/A CLINTON J. BAGBY III

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Clinton Junior Bagby, III, a/k/a Clinton J. Bagby III, waived his right to a jury trial and entered an open plea of guilty to aggravated robbery with a deadly weapon—a firearm.[2]   The trial court postponed Bagby's sentencing pending the preparation of a pre-sentence investigation (PSI) report.

------------

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

Without objection by Bagby and after the PSI was considered and filed by the trial court, the trial court sentenced Bagby to a term of thirty-five years' incarceration.[3]  Bagby now appeals his conviction and sentence.  We will affirm.

Bagby's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, the appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  Bagby has filed a pro se brief in which he enumerates two potential sources of error.  The State has not filed a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See*

---

[3] *See* Tex. Penal Code Ann. § 12.32(a) (Vernon 2003) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years.")

2

*Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because

Bagby entered an open plea of guilty, our independent review for potential error

is limited to potential jurisdictional defects, the voluntariness of Bagby's plea,

error that is not independent of and supports the judgment of guilt, and error

occurring after entry of the guilty plea.  *See Monreal v. State*, 99 S.W.3d 615,

620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.

Crim. App. 2000).

We have carefully reviewed the record, counsel's brief, and Bagby's

pro se brief.[4]  We agree that the appeal is wholly frivolous and without merit,

and we find nothing in the record that might arguably support the appeal.  *See*

*Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also*

---

[4] Bagby argues in his first issue that his appointed trial counsel was ineffective for failing to prepare for trial and assuring Bagby that the "lenient Judge" would assess a sentence five years or less.  Bagby argues in his second issue that his guilty plea was involuntary.  The gist of Bagby's complaints is that he was prevented from making an informed choice between having the trial judge assess punishment rather than a jury; thus, he received a longer sentence than he hoped for.  Bagby's issues are without merit.  *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (stating that to overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness); *see also Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd) (stating that "a plea of guilty is not rendered involuntary merely because the defendant received a greater punishment than anticipated or because he did not assess every relevant factor when entering into his decision to plead guilty").

*Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's

judgment.

PER CURIAM

PANEL:  MEIER, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2009